REEVES & CO. v. THE STATE BANK OF BLUFF CITY
AND GOODLEY BROS.

No. 12,539.   (66 Pac. 995.)

SYLLABUS BY THE COURT.

CONTRACT—*Damages for Breach—Parties.*   One adopting and
accepting a contract made in his behalf by another is alone enti-
tled to recover damages occasioned by its breach; and where, as in
this case, the findings of the court show that the party so adopt-
ing a contract made for him by another is the only one who has
suffered damages, such other one has no legal right to complain,
or to recover for such damages.

Error from Harper district court; P. B. GILLETT,
judge.   Opinion filed December 7, 1901.   Division two.
Reversed.

STATEMENT.

THE facts in this case, summarized from the find-
ings of the court and the undisputed evidence, are
briefly as follows :   Reeves & Co. had sold to one Wil-
lis a thrashing outfit.   A firm composed of W. S.
Goodley and Joel Goodley, known as Goodley Bros.,
represented to Willis that they had 1000 acres of
wheat to thrash, and engaged him to thrash it for a
stated consideration ; they really had but about 500
acres, and in their estimate of 1000 acres they in-
cluded some 350 acres which another brother, Joseph
Goodley, owned.   Joseph Goodley, however, was not
connected with, or in any way interested in, the af-
fairs of Goodley Bros.   The better to secure Reeves &
Co. on the amount due to them, Willis procured Good-
ley Bros. to enter into an agreement with Reeves
& Co. that when Willis should satisfactorily complete
their job of thrashing they would pay to Reeves & Co.,
out of the amount due to Willis, the sum of $500.
Willis also procured a like agreement from Joseph

Goodley, that he would pay to Reeves & Co. the sum of $550. Willis, at the proper time, proceeded to do the thrashing of Goodley Bros. and finished it with entire satisfaction to them. Goodley Bros. and Willis went to the bank of Bluff City and had a full and satisfactory settlement of all their matters, and the $500 which Goodley Bros. had promised to pay to Reeves & Co. was left in the Bank of Bluff City, and, at the request of Willis, the bank was to send to Reeves & Co. and obtain Willis's note, so that the payment of $500 might be indorsed thereon, and then transmit this amount to Reeves & Co. After the completion of Goodley Bros.' thrashing, Willis moved his machinery to the fields of Joseph Goodley and began on his job. His employees learning that he was to pay out of this job to Reeves & Co. the sum of $550, and fearing that they would not get their wages because of this fact, refused further to proceed with the thrashing of Joseph Goodley's wheat, and Willis was compelled to move his machinery to another place. Thereupon, Goodley Bros. notified the bank not to pay to Reeves & Co. the $500 which had been left there by Willis for them. Reeves & Co. then procured from Willis an assignment of his claim against the bank for this $500, which had been left there for them, and brought this action against the bank to recover that amount. The bank, setting up these facts, requested the court to bring in Goodley Bros., which was done, and the bank, upon the order of the court, paid the money in dispute into court. Joseph Goodley was never made a party in the case, and never set up any claim to this money, or for any damage arising from the failure of Willis to do his thrashing. The court specifically found as follows :

·"That Goodley Bros. did not sustain any loss of any kind or nature whatsoever by reason of the said Willis's quitting work at the time he quit, as all of Goodley Bros.' wheat had been thrashed in a satisfactory manner, but, by reason of the said Willis's having failed to comply with his contract with the Goodley Bros., great loss occurred to Joe Goodley, whose wheat was to have been thrashed as a part of the 1000 acres.

"That the amount of damage sustained by Joe Goodley, by reason of the failure of the said Willis to comply with his contract and thrash the said 100 acres of wheat contracted by him to be thrashed, was about $600."

The court rendered its judgment that the $500 in controversy in the action and in the hands of the clerk belonged to the defendants, Goodley Bros., and that the same be paid and delivered by the clerk to the defendants, and taxed the costs against the plaintiffs, Reeves & Co. From this judgment plaintiffs in error come here.

*John D. Milliken*, for plaintiffs in error.

*George E. McMahon*, and *A. J. Titus*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The theory upon which the court found for Goodley Bros. upon the above statement of facts evidently was that, because Goodley Bros. had engaged Willis to thrash 1000 acres of wheat, they had a right to recover any damages which any one had suffered because of Willis's failure to perform his contract, and that, as Joseph Goodley had suffered damages, Goodly Bros. had a right in this action to show that fact and recover such damages. We feel confi-

dent that the court erred in taking this view of the law under these facts. Although Goodley Bros. procured Willis to thrash 1000 acres of wheat, or, as they say in a letter written to Reeves & Co., about 1000 acres, they had no right, as matter of law, to recover for these damages done to another. They had no right of action against Willis; he had completed their job to their satisfaction. That the job which Willis undertook to do for Joseph Goodley was a separate one from Goodley Bros. is clearly shown by the fact that Joseph Goodley undertook to pay to Reeves & Co. the sum of $550, when Willis had satisfactorily done his thrashing. For the failure to do this, Joseph Goodley would have his right of action against Willis; he alone was damaged. It does not appear that Goodley Bros. were in any manner whatever interested with Joseph Goodley or in his affairs. Surely they cannot recover damages when they have sustained no loss of any kind or nature whatsoever by reason of Willis's quitting Joseph Goodley's work at the time he did.

The court finds that Joseph Goodley accepted the contract which Goodley Bros. had made with Willis for the thrashing of 1000 acres of wheat to the extent of the number of acres of which he owned, but this fact would not change the result. By such acceptance the contract became that of Joseph Goodley, and its breach would not entitle Goodley Brothers to recover. Joseph Goodley, so far as the case shows, seems entirely satisfied; at least, he makes no claim for damages. Another cannot do it for him.

The judgment of the court below will be reversed, with instructions to enter judgment in favor of the plaintiff in error.

GREENE, POLLOCK, JJ., concurring.